UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ROBERTSON-CECO CORP.                                    CIVIL ACTION

VERSUS                                                  NO. 03-2393

LAB PROJECT RESOURCE GROUP, INC.                        SECTION F

ORDER AND REASONS

Before the Court are the defendants': (1) Motion for New Trial and to Alter or Amend Judgment Pursuant to Rule 59(a) and (e); and (2) Motion to Alter or Amend Judgment pursuant to Rule 59(e), or alternatively, a Motion for Relief from Judgment pursuant to Rule 60(b). For the reasons that follow, the defendants' motions are DENIED.

Background

On August 22, 2003, Robertson-Ceco Corporation sued LAB Project Resource Group, Inc. (d/b/a "BEI") and Les Bailey for breach of contract. Following a two-day bench trial, on April 11, 2006, this Court entered a judgment against the defendants, BEI and Bailey, for the principal amount due under the contract, $384,166.18, as well as legal interest, costs, and attorney's fees. Within ten days of the entry of this judgment, the defendants filed two post-trial motions: (1) a Motion for New Trial and to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(a) and (e); and (2) a Motion to Alter or Amend Judgment pursuant to

1

Rule 59(e), or alternatively, a Motion for Relief from Judgment pursuant to Rule 60(b).

I.

Federal Rule of Civil Procedure 59(a) provides that "[a] new trial may be granted to all or any of the parties and on all or part of the issues...in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of a United States." A district court has the discretion to grant a new trial based on newly discovered evidence. Johnston v. Lucas et al., 786 F.2d 1254, 1257 (5th Cir. 1986). In deciding whether newly discovered evidence is sufficient to warrant a new trial, however, a court must consider whether the evidence (1) would probably have changed the outcome of the proceeding; (2) could have been discovered earlier with due diligence; and (3) is merely cumulative or impeaching. Id.

A party may also move to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). The Court exercises considerable discretion in deciding such a motion, balancing "two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." Edward H. Bohlin Co., Inc. v. Banning Co., Inc., 6 F.3d 350, 355 (5th Cir. 1993). Because of interest in finality, motions may only be granted if the movant shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously.

<u>Deutsch v. Burlington Northern R. Co.</u>, 983 F.2d 741, 744 (7th Cir. 1993). Moreover, Rule 59(e) motions should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings. See <u>Simon v. United States</u>, 891 F.2d 1154, 1159 (5th Cir.1990).

II.

A. Motion for New Trial and to Alter or Amend Judgment Pursuant to Rule 59(a) and (e)

Defendants, BEI and Bailey, contend that the Court should grant a new trial in light of "newly" discovered evidence, including an affidavit of Les Bailey, emails between Bailey and representatives of Robertson-Ceco, and a fax from Bailey to a representative of Robertson-Ceco. In evaluating the defendants' motion for new trial, the Court must consider whether the evidence (1) could have been discovered earlier with due diligence; (2) is merely cumulative or impeaching; and (3) would probably have changed the outcome of the proceeding. <u>Johnston</u>, 786 F.2d at 1257. In light of this standard, the Court is not persuaded by the defendants' arguments.

The defendants have not presented any justification for failing to previously submit the referenced fax or the "new" affidavit of Les Bailey. In fact, all of the evidence suggests that this information could have been obtained prior to trial. Further, the Court is not persuaded by the defendants' allegation that the "new" emails were unavailable before trial because of

3

computer problems.[1]  Also, because the "new" evidence calls into question the veracity of the testimony of certain employees of Star Building Systems, this evidence is merely impeaching in character. Finally, the evidence may not have been sufficient to change the outcome of the trial.[2]

Given the defendants' unexplained delay and in the interest of finality of judgments, the Court will not consider new evidence, which could have been discovered with due diligence before trial. Accordingly, the defendants' Motion for New Trial based upon New Evidence is DENIED.

The defendants also request that the Court alter the April 11, 2006 judgment awarding the principal amount of $384,166.18 to Robertson-Ceco.  Specifically, the defendants contend that the judgment inappropriately includes the cost of insulation, as well as delivery and taxes, and therefore, should be reduced to $250,000. Again, Rule 59(e) is not the appropriate mechanism for a

---

[1] Though the emails were allegedly unrecoverable from throughout the pendency of entire litigation, the Court finds it particularly interesting that Mr. Bailey was finally able to recover the emails within ten days of the Court's entry of final judgment.  Further, the Court notes that all such emails were requested by the plaintiff in discovery.

[2] Though the "newly discovered" fax is perhaps the most compelling evidence, this fax sent by Les Bailey to various corporate representatives of the plaintiff is insufficient, by itself, to establish that a "pay when paid" agreement existed between the parties.  Assuming this fax was ever received by the plaintiff, Mr. Bailey's unilateral statement is insufficient to modify the original contract to include a "pay when paid" provision.

party to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings. See Simon, 891 F.2d at 1159 (5th Cir. 1990).  Any allegation that the contract for sale incorrectly included the cost of items allegedly not delivered should have been raised at trial.  The defendants, however, did not present any evidence contesting the principle amount due under the contract.  Additionally, in spite of the defendants' new arguments and so-called new evidence, the Court is still not at all persuaded that the entry of judgment for the principal amount of $384,166.18 was inappropriate.

B.  <u>Motion to Alter or Amend Judgment pursuant to Rule 59(e), or alternatively, a Motion for Relief from Judgment pursuant to Rule 60(b)</u>

Finally, BEI and Bailey move for this Court to amend the judgment to reflect the defendants' ownership of the component parts of the customized building.  The defendants have not presented any evidence to suggest that their ownership of the component parts has been challenged.  In the interest of the finality of judgments, unless and until such ownership is actually in dispute, it would be premature and unnecessary for this Court to grant the defendants' request.

Accordingly, the defendants' "Motion for New Trial and to Alter or Amend Judgment Pursuant to Rule 59(a) and (e)" and "Motion to Alter or Amend Judgment Pursuant to Rule 59(e), or

5

alternatively, Motion for Relief from Judgment Pursuant to Rule 60(b)" are DENIED.

New Orleans, Louisiana, August 2, 2006.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

6