UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROBERTSON-CECO CORPORATION          CIVIL ACTION

VERSUS                                            NO:        03-2393

L.A.B. PROJECT RESOURCE GROUP,          SECTION:  "F" (4)
INC., d/b/a B.E.I.

REPORT AND RECOMMENDATION

Before the Court is a **Motion to Fix Amount of Attorney's Fees and Costs Awarded (doc.
#83)** filed by the plaintiff, Robertson-Ceco Corporation, which was referred to the undersigned
United States Magistrate Judge for a determination of the appropriate amount of attorney's fees and
costs and to submit Proposed Findings and Recommendations pursuant to Title 28 U.S.C. § 636
(b)(1)(B).  (*See* Rec. Doc. No. 84).

Robertson seeks the recovery of attorney fees in the amount of $69,415.50, and costs in the
amount of $7,753.17.  The defendants, L.A.B. Project Resource Group d/b/a B.E.I. ("BEI") and Les
A. Bailey, did not file any opposition to Robertson's motion.

I.     Factual and Procedural Background

BEI was hired by Rapid Mat, L.L.C., to construct a building in St. Bernard Parish to house
Rapid Mat's business on July 1, 2002.  In connection with this construction, BEI ordered a
customized building for Rapid Mat from Star Building Systems for $384,166.00.  Star began

construction of the building in November of 2002.  However, during construction, Rapid Mat began experiencing difficulty obtaining financing for the project and ultimately abandoned the project. Star delivered the building, and sought payment from BEI, but BEI refused to pay contending, among other things, that it had cancelled its original order or alternatively that another contract governed the terms of payment.

Robertson then filed this suit alleging breach of contract under state law and alleging diversity jurisdiction.  Robertson sought payment on the contract in the amount of $384,166.00 and attorney fees and costs.  BEI filed an answer denying liability, and filed a third party complaint against Rapid Mat.  Rapid Mat never responded to the third party complaint and subsequently BEI obtained a default judgment against Rapid Mat.  (*See* Rec. Doc. No. 40).

After a two day bench trial, the District Court entered its judgment finding in favor of Robertson in the amount of $384,166.18.  (*See* Rec. Doc. No. 63).  The District Court also awarded all costs of the proceeding as well as the reasonable attorney fees incurred in prosecuting this action. *See id.*  Robertson then filed the subject motion seeking attorney fees in the amount of  $69,415.50 and costs in the amount of $7,753.17.

## II.    Standard of Review

In the Fifth Circuit, "[s]tate law controls both the award of and the reasonableness of fees awarded when state law supplies the rule of decision."  *Mathis v. Exxon Corp.*, 302 F.3d 448, 461(5th Cir. 2002).  Thus, because the case was brought under Louisiana state law, this Court looks to Louisiana law when determining the amount of, and the reasonableness of attorney fees.

In this case, the District Court awarded attorney fees and costs under the contract.  (*See* Rec Doc. No. 63, Tr. 235:3, and 237:20).  Specifically, during the hearing, the District Court indicated

that "judgment will be entered in  favor of the plaintiff in the amount of $384,166.18 plus costs, plus reasonable attorney's fees, and legal interest computed from March 31, 2002, as required by Louisiana law."  (Tr. 237: 18-21).

In Louisiana, the following factors are considered when determining the reasonableness of attorney fees: (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) amount of money involved; (5) extent and character of the work performed; (6) legal knowledge, attainment, and skill of the attorneys; (7) number of appearances made; (8) intricacies of the facts involved; (9) diligence and skill of counsel; and (10) the court's own knowledge. *State v. Williamson*, 597 So.2d 439, 442 (La. 1992).  In determining a fee award, the court should consider the entire record, including discovery, pretrial motions, the legal issues involved and the length of trial. *Richardson v. Parish of Jefferson*, 727 So.2d 705, 707 (La. App. 5 Cir. 1999).

III. <u>Analysis</u>

A.    <u>The Relevant Factors</u>

Addressing the first factor,  the ultimate result obtained, the Court notes that the ultimate result for Robertson was very good.  Robertson prevailed at trial on the merits and was awarded all of the relief sought in its complaint.

Addressing the second factor, the responsibility incurred, the Court notes that the attorneys incurred significant responsibility.  The attorneys were responsible from the inception of the case through the end of a two day bench trial and the amount of money in controversy was approximately $384,000.00, a not insignificant sum.

Addressing the third factor, the importance of the litigation, the Court notes that this

litigation had no particular importance beyond the interests of the parties.  There was no precedent set or established, and counsel did not undertake an unpopular cause.

The Court notes that it has already addressed the fourth factor, the amount of money involved, when it addressed the responsibility incurred by the attorneys.

The Court now addresses the fifth factor, the extent and character of the work performed. In the interest of expediency, the Court notes that this section also addresses the seventh factor, the number of appearances made.

According to the record and the time sheets submitted by Roberston's counsel, after propounding and reviewing discovery, the attorneys for Robertson filed a twenty three page motion for summary judgment.  The motion was granted as unopposed.  (*See* Rec. Doc. No. 12).

BEI then filed a motion to alter or amend the judgment contending that its failure to timely file a response was because its counsel suffered a mycaridal infarct on May 16, 2004 and was not allowed to return to work until two days after the motion for summary judgment was filed.  BEI also contended that even after returning to work its counsel  was restricted to the amount of time he could work in a day.  (*See* Rec. Doc. No. 14).

The District Court granted the motion to amend or alter the judgment after accepting the explanation for failing to submit a timely opposition.  Further, after reconsidering Robertson's motion for summary judgment along with BEI's untimely response, the Court denied the motion concluding that there were material factual issues in dispute.

The parties then moved forward with discovery.  During a deposition of Bailey, Bailey indicated that BEI had no assets.  Realizing that BEI was apparently judgment-proof, Robertson prepared and filed a motion seeking leave to add Bailey as a defendant based on an individual

guaranty executed by Bailey.  This Court granted leave and Bailey answered denying liability.

The matter then proceeded to a two day trial where Robertson presented twenty-one exhibits and four witnesses.  BEI offered six exhibits and one witness.

After the District Court entered judgment in favor of Robertson, BEI moved for a new trial or to amend or alter the judgment on the basis that, among other things, it had acquired newly discovered evidence that was not available during the trial.  It also sought a judgment reflecting its ownership of the building.  Robertson filed an opposition memorandum.

The District Court denied the motion to amend or alter the judgment because BEI did not provide a sufficient showing that the newly discovered evidence was not available during trial.  It also denied BEI's request for a judgment reflecting that it owned the building as premature because no one had raised any challenge to the building's ownership.  The Court notes that the foregoing illustrates that there were multiple appearances made by counsel as well as extensive pretrial, trial, and post trial work.

The Court now turns to the sixth factor, the legal knowledge, attainment, and skill of the attorneys.  In this case, the New Orleans law firm of Phelps Dunbar, L.L.P. represented Robertson.

According to the time records submitted in support of the application, Michael Hunt, a partner at Phelps Dunbar, claims to have expended 12.6 hours at $235.00 an hour, 10.6 hours at $240.00 an hour, 7.0 hours at $250.00 an hour, and 44.6 hours at $275.00 an hour for a total of $19,520.00.  While the application provides little information about the qualification of Hunt, the Court researched Hunt's qualifications through Martindale Hubbell.  Martindale reveals that Hunt graduated from Louisiana State University Law Center in 1977 and clerked for a District Court Judge in the Western District of Louisiana from 1977-1978.  He was admitted to the bar in 1977.

At the time of trial, he had been practicing for twenty-nine years.

Erin Wilder-Doomes, an associate at Phelps Dunbar, claims to have expended 11.1 hours at $140.00 an hour, 35.2 hours at $155.00 an hour, 39.9 hours at $165.00 an hour, and 183.2 hours at $175.00 an hour for a total of $45,653.50.  Again, little information about Wilder-Doones is provided but according to Martindale, Wilder-Doones graduated from Louisiana State University in 1999 and was admitted to the bar that same year.  Thus, she has been practicing for seven years at the time of the trial.

Erin Lanoux, an associate at Phelps Dunbar, claims to have expended 8.3 hours at $135.00 an hour for a total of $1,120.50.  According to Martindale, Lanoux graduated from Louisiana State University in 2003 and was admitted to practice the same year.  At the time she rendered her services to Robertson in 2004, she had been practicing for less than one year.

Greg Stevens, an associate at Phelps Dunbar, claims to have expended .3 hours at $145.00 for a total of $43.50.  According to Martindale, Stevens graduated from Louisiana State University in 2004 and was admitted to practice the same year.  At the time he rendered his services to Robertson in 2006, he had been practicing for less than two years.

The remaining 37.7 hours were expended by 8 paralegals charging between $105.00 an hour and $40.00 an hour resulting in a total of $3,077.50.  However, no further information about the support staff is known.

Turning to the eighth factor, the intricacies of the facts involved, the Court notes that the facts of this case were not particularly intricate.  However, the Court notes that according to the record, BEI changed its defense several times.  First, it contended that it was not under an obligation to pay because it had never been paid.  It then contended that it had modified the contract and then

6

cancelled the contract.  Finally, it contended that Bailey was not liable because he had never executed an indemnity provision.  Thus, while the facts were not terribly intricate, counsel for Robertson was forced to prosecute and adjust its strategy based on a shifting landscape of defenses.

The Court now addresses the ninth factor, the diligence and skill of counsel.  The Court notes that the attorneys involved in this case diligently and skillfully prosecuted the case, for all the reasons noted above as well as successfully dealing with the challenges that occurred after Hurricane Katrina.

Finally, the Court addresses the tenth factor, the knowledge of the Court.  The Court notes that the rates charged by counsel in this case are reasonable and within the prevailing market rates for the New Orleans.  Further, the BEI filed no opposition to the motion and thus the hourly rates and the hours expended are considered unopposed.

After carefully considering the ten factors mandated by Louisiana law, the Court recommends that Robertson be awarded attorney fees in the amount of $69,415.50.[1]

**B.**     **Costs**

Robertson seeks the recovery of fees in the amount of $7,753.17 as awarded by the District Court under the contract.  Again the Court notes that the costs are unopposed and the Court finds that the requested amount is reasonable.  Thus, the Court recommends that Robertson be awarded the costs of this action in the amount of $7,753.17. [2]

**IV.**     **Recommendation**

---

[1]The Court notes that calculating the fees on the bills submitted to the Court results in $69,538.00.  However, because Roberston only seeks $69,415.50 it recommends the award of the lesser number.

[2]The Court notes that according to the affidavit of Wilder-Doomes provided in support of this motion, the costs taxable pursuant to Rule 54(d)(1) were sought by filing a Bill of Costs with the Clerk of Court.  (*See* Rec. Doc. No. 82).

After considering the ten factors it is **RECOMMENDED** that the **Motion to Fix Amount of Attorney's Fees and Costs Awarded (doc. #83)** be **GRANTED** and Robertson-Ceco Corporation be awarded reasonable attorney fees in the amount of $69,415.50 and costs in the amount of $7,753.17.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a Magistrate Judge's Report and Recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this ___15th___ day of May 2007

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**